FILED
FEB 03 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DARRELL L. SNYDER, | ) | |
| | ) | Civil No. 08-960-PK |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| J.E. THOMAS, Warden, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Respondent. | ) | |

Darrell L. Snyder
Fed. Reg. No. 63992-065
P.O. Box 5000
Sheridan, Oregon  97378

Petitioner Pro Se

Karin J. Immergut
United States Attorney
Suzanne A. Bratis
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner, Darrell L. Snyder, an inmate at FCI Sheridan, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 *pro se*. For the reasons set forth below, his Petition (#1) should be DENIED.

## BACKGROUND

Snyder challenges the legality of sanctions imposed as a result of a disciplinary proceeding. Snyder currently resides at FCI Sheridan. Prior to his transfer to FCI Sheridan, he had been housed at FCI Taft in California. On June 27, 2005, Snyder was presented with an incident report prepared at FCI Taft which charged him with testing positive for Amphetamines, a Code 112 violation. The incident report was issued after confirmation was received from the National Toxicology Laboratories indicating that the urine sample Snyder provided on June 17, 2005 tested positive for Amphetamines. Notably, the body of the report stated that "[o]n 6-17-2005, at approximately 2122 hours, Inmate Hernandez, Angel Register #91707-198 provided a urine sample in the presence of staff which specimen I.D. #B01393816 was assigned." Petitioner's Memorandum in Support (#2), Attachment "A". A second incident report was provided to Snyder on June 29, 2005. This incident report was identical to the first except Snyder's name and register number had been substituted for "Hernandez, Angel Register #91707-198." Id., Attachment "B".

2 - FINDINGS AND RECOMMENDATION

Snyder was advised of his rights on June 30, 2005, and a disciplinary hearing was held by Disciplinary Hearing Officer ("DHO") C. Logan on July 7, 2005. Snyder chose to exercise his right to remain silent at the hearing regarding the specific charges against him, but stated that he "didn't receive [his] shot for 72 hours." Id., Attachment "DHO Report", p. 2.[1] DHO Logan found that Snyder had committed the prohibited act and imposed sanctions of: loss of 40 days of good conduct time, 30 days disciplinary segregation, and loss of visitation and telephone privileges for one year.

Snyder contends that a mistake was made in the handling and/or testing of urine samples as evidenced by the first incident report bearing the name of a different inmate with a different register number. He also challenges the second incident report on the

---

[1] In this action, Snyder disputes the assertion that he remained silent during his disciplinary hearing. Instead, he insists that he challenged the validity of both incident reports and the testing and handling of the urine samples and that he asked DHO Logan to provide him with "credible evidence, including a true and correct copy of the 'Chain of Custody' form dated June 17, 2005, purportedly linking Snyder to urine specimen #B01393816." Id. at 5. Snyder also contends that he challenged the second incident report on the grounds that it did not state that it was a re-write or explain why it was rewritten and that it was not timely presented to him within 24 hours from its preparation. Id. Snyder's assertions that he made these arguments during his disciplinary hearing are not credible. DHO Logan's decision clearly stated that Snyder chose to exercise his right to remain silent during the hearing and that she drew an adverse inference from his silence. Nevertheless, Snyder did not challenge these statements in his administrative appeals from her decision. See Id., Attachments "Regional Administrative Remedy Appeal" and "Central Office Administrative Remedy Appeal".

3 - FINDINGS AND RECOMMENDATION

grounds that it did not state it was a rewrite, did not indicate why it was rewritten, and was not timely presented. Snyder argues that respondent's failure to follow its own rules with respect to report preparation, timely presentation of incident reports and disciplinary hearing procedures violated his due process rights. In her decision, DHO Logan addressed Snyder's concerns regarding the second incident report and whether he received timely notice of the charges against him:

> First, the incident report written by SIS Investigator D. Manuz who stated that on 06-17-2005 at approximately 2121 hours, you provided a urine sample in the presence of staff which specimen I.D. #B01393816 was assigned. He stated that on 06-27-2005 confirmation was received from the National Toxicology Laboratories indicating your urine sample tested positive for Amphetamines. He continued to state a review of your medical records on 06-27-2005, revealed that you were not prescribed any medications which would cause a positive test result for Amphetamines.
>
> Second, the Laboratory Report dated 06-22-2005 for Specimen Number B01393816 which indicates a positive finding for Amphetamines. The report also contains the drug classes which your sample was tested for and the detection cutoff levels (levels in each category which would be considered positive) documented. The positive Laboratory Report was forwarded via mail to the institution after completion of the testing process.
>
> Thirdly, the Chain of Custody form dated 06-17-2005 for Specimen Number B01393816 which you signed certifying that the specimen was yours and that it was sealed in your presence and that the information on the form and label were correct.
>
> Fourth, you appeared at the DHO hearing and chose to exercise your right to remain silent regarding the specific charges against you. In conjunction with the above evidence, the DHO has drawn an adverse inference from your silence. You failed to provide any evidence to

4 - FINDINGS AND RECOMMENDATION

>dispute the charges. You did, however, state "I didn't receive my shot for 72 hours." You did receive notice of the charges against you on 06-27-2005 at 1320 hours. The incident report was subsequently returned for a re-write due do [sic] an administrative error in the body of the report. However, you were still notified of the charges against you on 06-27-2005 at 1320 as stated above.
>
>After a review of your Chain of Custody Form it has been determined that your sample was collected and sealed in your presence by you providing your signature in the Inmate Certification area. The DHO also reviewed your National Toxicology Laboratories Report which stated that your urine sample was positive for Amphetamines.

Id., Attachment "DHO Report", pp. 2-3.

Snyder exhausted his administrative remedies with respect to the disciplinary hearing, and filed this action on August 14, 2008. He seeks an order directing respondent to reinstate the 40 days of good conduct time and to expunge the incident from his record.

## DISCUSSION

Under Wolff v. McDonnell, 418 U.S. 539 (1974), an inmate facing administrative disciplinary charges is entitled, at a minimum, to the following protections: (1) to receive written notice of the charges no less than 24 hours before the disciplinary hearing; (2) to present evidence and witnesses in his defense where this will not jeopardize institutional safety or correctional goals; and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id. at 563-69. The record reveals Snyder received these protections.

Due process further requires that "some evidence" support a prison disciplinary hearing decision. Superintendent v. Hill, 472

5 - FINDINGS AND RECOMMENDATION

U.S. 445, 455-56 (1985); Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir. 1994); Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989). "There 'must be some indicia of reliability of the information that forms the basis for prison disciplinary actions.'" Toussaint v. McCarthy, 926 F.2d 800, 802-03 (9th Cir. 1990), cert. denied, 112 S.Ct. 213 (1991)(quoting Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987)). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Superintendent v. Hill, 472 U.S. at 455.

Notwithstanding Snyder's assertions that a serious mistake was made in the testing and/or handling of urine samples, a review of the record reveals that DHO Logan clearly had before her some evidence, which had an indicia of reliability, to support her decision. That evidence included the incident report prepared by SIS Investigator D. Manuz on June 27, 2005, which was later rewritten to cure an administrative error; the Laboratory Report dated June 22, 2005 for Specimen Number B01393816; and the Chain of Custody form dated June 17, 2005 for Specimen Number B01393816 which Snyder signed certifying the specimen was his and that it was sealed in his presence.[2] Even if DHO Logan's decision was wrong,

---

[2] As attested to by Autumn Norris, a Bureau of Prisons ("BOP") legal assistant with access to records maintained in the ordinary course of business by the BOP, true and correct copies of the lab report and chain of custody form are attached to respondent's Response to Petition for Habeas Corpus (#9), Exhibit 3, pp. 1-4.

6 - FINDINGS AND RECOMMENDATION

Snyder's due process rights were not violated by the hearing process, the DHO's decision, or the sanctions imposed. Accordingly, Snyder is not entitled to the relief sought herein.

## RECOMMENDATION

Based on the foregoing, I recommend that the Petition for Writ of Habeas Corpus (#1) be DENIED, and that judgment be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due February 17, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district

7 - FINDINGS AND RECOMMENDATION

judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 3rd day of February, 2009.

/s/ Paul Papak
Paul Papak
United States Magistrate Judge

8 -- FINDINGS AND RECOMMENDATION