IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DARRELL L.SNYDER**                            08-CV-960-PK

         **Petitioner,**                  **ORDER**

**v.**

**J.E. THOMAS, Warden,**

         **Respondent.**

**DARRELL L. SNYDER**
Fed. Reg. No. 63992-065
P.O. Box 5000
Sheridan, OR 97378

         Petitioner, *Pro Se*

**KARIN J. IMMERGUT**

1- ORDER

United States Attorney
**SUZANNE A. BRATIS**
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204-2909

        Attorneys for Respondent

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#10) on February 3, 2009, in which he recommends the Court deny Petitioner Darrell L. Snyder's Petition for Writ of Habeas Corpus (#1) and dismiss this matter with prejudice. Petitioner filed Objections to the Findings and Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

    When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

    Petitioner objects to the Findings and Recommendation on the ground that the "relative enquiry [*sic*] . . . is not whether the evidence in the matter is sufficient to support the DHO findings . . . [rather it is] whether enforcement personnel are required to comply with established federal law defining the procedures to be followed in every disciplinary process."

2- ORDER

The Magistrate Judge addressed the issue that Petitioner raises in his Objections and noted:

> Under Wolff v. McDonnell, 418 U.S. 539 (1974), an inmate facing administrative disciplinary charges is entitled, at a minimum, to the following protections: (1) to receive written notice of the charges no less than 24 hours before the disciplinary hearing; (2) to present evidence and witnesses in his defense where this will not jeopardize institutional safety or correctional goals; and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. Id. at 563-69. The record reveals Snyder received these protections.

Petitioner did not submit any evidence with his Objections to establish that he did not receive the protections required under *Wolff* or any authority to establish that *Wolff* does not apply in this matter. After reviewing the record *de novo*, the Court agrees with the Magistrate Judge's legal analysis and findings.

In summary, this Court has carefully considered Petitioner's Objections and concludes they do not provide a basis to modify the Findings and Recommendation. The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#10), **DENIES** Petitioner's Petition for Writ of Habeas Corpus (#1), and **DISMISSES** this matter **with prejudice.**

3- ORDER

IT IS SO ORDERED.

DATED this 23rd day of April, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

4- ORDER